UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISHVAR NAIK | ECF Case: |
| Plaintiff | Case Number: 1:11-cv-03009-LTS |
| vs. | CIVIL COMPLAINT |
| FRANKLIN COLLECTION SERVICE, INC. | JURY TRIAL DEMANDED |
| Defendant | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Ishvar Naik by and through his undersigned counsel, Bruce K. Warren of Warren & Vullings, LLP complaining of Defendant and respectfully avers as follows:

## I.   INTRODUCTORY STATEMENT

1.   Plaintiff, Ishvar Naik, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.   JURISDICTION

2.   Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.      Venue in this district is proper in that Defendant has an address in this district and transacts business here.

### III.    PARTIES

4.      Plaintiff, Ishvar Naik, is an adult natural person residing at 1366 Mile Post Drive, Atlanta, GA 30338-4711.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, Franklin Collection Service, Inc. at all times relevant hereto, is a limited liability company engaged in the business of collecting debt in the State of Georgia and the State of New York, with a New York address of 111 8th Avenue, New York, NY 10011.

6.      Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.    FACTUAL ALLEGATIONS

7.      On or about March 26, 2011 Plaintiff received an initial dunning letter from Defendant regarding an alleged debt owed to AT&T  See a copy of the letter appended hereto and marked "**EXHIBIT A**".

8.      Defendant demands exactly $823.12 for cellular phone related charges that Plaintiff largely disputes and believes have been inflated to an unreasonable degree.

9.      In the letter, Defendant states:

> *"The above-referenced account has been referred to our office for collection. If you are not paying this account in full please contact your attorney regarding our potential remedies and your defenses, if any. If we secure authority from AT&T to file a civil lawsuit against you all lawful remedies will be pursued. We intend to report this account to credit reporting agencies in less than 45 days from the date of this notice."*

10. By choosing to include the abovementioned statement in the letter, Defendant attempts to deceive Plaintiff by threatening him with legal action in an effort to coerce immediate payment.

11. Defendant is not licensed to practice law, and is subsequently not in a position to threaten Plaintiff with a lawsuit.

12. By demanding payment in full and advising Plaintiff to contact an attorney if said payment is not made in full, Defendant does not properly inform Plaintiff of his right to dispute the validity of the debt within thirty (30) days of the letter's receipt.

13. Defendant's demand for immediate payment is contradictory to the listed thirty day validation notice, and serves no other purpose than to further confuse Plaintiff in hopes to fluster him to such a degree that he chooses to pay the debt immediately.

14. Maintaining the trend of deception, Defendant closes its statement by notifying Plaintiff that the account will be reported to the credit bureaus in "less than 45 days from the date of this notice."

15. Defendant's statement regarding credit reporting is unnecessary and only functions as a threat that creates a false sense of urgency, since Defendant could report to the credit bureaus at any time.

16. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its and its agent's actions

within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

17. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

18. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of Plaintiff herein.

19. Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

20. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

21. Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I – FDCPA
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. The above paragraphs are hereby incorporated herein by reference.

23. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

§ 1692d: Any conduct that natural consequence of which is to harass, oppress or abuse any person

§ 1692e: Any other false, deceptive or misleading representation or means in connection with the debt collection

§ 1692e(2): Character, amount, or legal status of the alleged debt

§ 1692e(5): Threaten to take any action that cannot legally be taken or that is not intended to be taken

§ 1692e(8): Threatens or communicates false credit information

§ 1692e(10): Any false representation or deceptive means to collect a debt or obtain information about a consumer

§ 1692f: Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, Franklin Collection Service, Inc. for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

    d.    Such addition and further relief as may be appropriate or that the interests of justice require.

### V.    JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

        **Respectfully submitted,**

        **WARREN & VULLINGS, LLP**

**Date:  April 28, 2011**        **BY:** _/s/_____
        Bruce K. Warren, Esquire

        Warren & Vullings, LLP
        1603 Rhawn Street
        Philadelphia, PA  19111
        215-745-9800   Fax 215-745-7880
        Attorney for Plaintiff